IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GRETA MARSHALL,

                    Plaintiff,

        v.                                                    OPINION and ORDER

MARTIN O'MALLEY,                                              22-cv-662-jdp
Commissioner of the Social Security Administration,

                    Defendant.[1]

---

Plaintiff Greta Marshall seeks judicial review of a final decision of defendant Martin O'Malley, Commissioner of the Social Security Administration, finding that Marshall was not disabled within the meaning of the Social Security Act. Marshall contends that administrative law judge (ALJ) Joseph Jacobson erred by failing to adequately consider the medical opinions. The court concludes that any error was harmless, so the court will affirm the decision.


BACKGROUND

Marshall applied for disability insurance benefits, alleging disability beginning in December 2019. R. 15.[2] In a March 2022 decision, the ALJ found that Marshall suffered from three severe impairments related to her mental health: personality disorder, anxiety disorder,

---

[1] The court has amended the caption to reflect O'Malley's confirmation as commissioner. *See* Fed. R. Civ. P. 25(d).

[2] Record cites are to the administrative transcript located at Dkt. 8.

and depression. *Id*.[3] Based on these impairments, the ALJ found that Marshall had the residual functional capacity (RFC) to do the following:

> She is able to sustain the mental demands associated with simple, routine work over a standard eight hours a day, forty hours a week . . . within acceptable attention, persistence and pace standards in a job that involves only occasional interaction with the public. She is able to relate adequately to supervisors and co-workers and adapt to infrequent, routine changes in the work setting.

R. 17. Relying on the testimony of a vocational expert, the ALJ found that Marshall could not perform her past relevant work as a nurse assistant, but she was not disabled because she could perform jobs that are available in significant numbers in the national economy, such as quality control worker, hand packager, and hand worker. R. 23

Marshall now appeals to this court. On appeal, the court's role is to review the ALJ's decision for legal errors and to determine whether the decision is supported by substantial evidence. *See Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020). The substantial evidence standard is not high and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. But the ALJ's decision must identify the relevant evidence and build a "logical bridge" between that evidence and the final determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

---

[3] The ALJ also found severe impairments related to physical health, but those impairments are not the subject of the appeal.

ANALYSIS

**A. Overview of the issues**

Marshall raises three issues, but they are all based on the common contention that the ALJ didn't comply with the requirements in 20 C.F.R. § 416.920c(a) when evaluating the mental health opinions. That regulation requires the ALJ to explain how well supported each opinion is and how consistent it is with the evidence in the record. *Albert v. Kijakazi*, 34 F.4th 611, 614 (7th Cir. 2022).

The ALJ considered three opinions related to mental health. Gregory Cowen is a psychologist who examined Marshall once in December 2020. R. 473–78. He offered the following conclusions about Marshall's capacity to work:

> Greta's ability to understand, remember and carry out simple instructions is unimpaired. Ability to respond appropriately to supervisors and coworkers is moderately impaired. Concentration and attention are moderately impaired. Persistence and work pace are moderately to markedly impaired. Ability to withstand routine work stresses and adapt to workplace changes is moderately impaired.

R. 478.

Jason Kocina is a state agency psychologist who conducted a record review in December 2020. R. 76–82. He found that Marshall was moderately limited in several mental health functions, including the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. R. 78. Kocina provided the following explanation for that limitation: "Clmt is able to carry out 3-4 step commands, but may have increasing difficulty with progressively more complex tasks secondary to anxious sx. May have occasional interruptions to a normal work day and week due to mental health

3

conditions." *Id.* Kocina's ultimate conclusion was that Marshall "is able to perform simple, routine, or redundant tasks." R. 81. Kocina also found that Cowan's opinion was not persuasive because it "relie[d] heavily" on Marshall's subjective reports, and Cowan did not provide "substantial support" for his opinion. R. 82.

John Warren is a state agency psychologist who conducted a record review in August 2021. R. 87–90. He concluded that Marshall "retains the capacity to perform basic tasks and relate with others well enough for routine workplace purposes." R. 90.

The ALJ concluded that Cowan's opinion is "only partially persuasive, as the limitations in persistence and pace are not fully supported by the medical evidence of record." R. 21. The ALJ concluded that Warren and Kocina's opinions "are generally persuasive as they are consistent with and supported by the substantial medical evidence of record." R. 22. But the ALJ said that Warren's opinion was "more persuasive" because it "does not contain superfluous language." *Id.* The ALJ gave as an example Kocina's statement that Marshall would "work best" with "constructive/non-confrontational" feedback from supervisors. *Id.*

Marshall contends that the ALJ erred by failing to explain why he did not adopt aspects of Cowan and Kocina's opinions. Specifically, Marshall points to Cowan's statement that Marshall is moderately to markedly impaired in maintaining persistence and pace and Kocina's statement that Marhsall "[m]ay have occasional interruptions to a normal work day and week." Marshall also contends that the ALJ should have considered that Cowan and Kocina were consistent with each other.

## B. Cowan's opinion

The commissioner acknowledges that the ALJ did not directly address why he believed that the medical evidence did not support Cowan's statement that Marshall is moderately to

4

markedly limited in maintaining persistence and pace. But the commissioner defends the ALJ's handling of that issue on two grounds. First, the commissioner contends that the ALJ was not required to consider the statement because it does not qualify as a medical opinion under Social Security regulations. Second, the commissioner says that it is clear enough from other portions of the ALJ's decision why he did not find greater limitations related to persistence and pace.

As for the first contention, the government relies on 20 C.F.R. § 404.1513(a)(2), which defines a "medical opinion" in part as "a statement from a medical source about what you can still do despite your impairment(s)." This regulation applies to all Social Security claims filed after March 27, 2017, so it includes Marshall's claim. The commissioner contends that Cowan's statement that Marshall is "moderately to markedly limited in maintaining persistence and pace" does not qualify as a medical opinion under § 404.1513(a) because it does not identify any functional limitations and therefore does not identify "what [Marshall] can still do despite [her] impairment(s)."

Marshall did not respond to this argument, so arguably she forfeited the issue. *See Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1078 (7th Cir. 2016). But the court declines to decide the issue on forfeiture grounds because the commissioner does not explain why it matters whether Cowan's statement qualifies as a medical opinion. The commissioner seems to assume that the ALJ can disregard any statement from a medical expert that is not a medical opinion, but that is incorrect. The ALJ must also consider "[o]ther medical evidence," which includes a medical source's "judgments about the nature and severity of [the claimant's] impairments." 20 C.F.R. § 404.1513(a)(3). Cowan's statement seems to fall within that definition.

But the court agrees with the commissioner's alternative contention that it is reasonable to infer from other portions of the ALJ's decision why he did not believe that Cowan's proposed pace and persistence limitation was supported by the record. Cowan did not explain what evidence that limitation was based on, but the section of his report devoted to concentration, persistence, and pace relies on multiple statements from Marshall that she can't focus for more than a few minutes at a time when she is anxious. R. 475–76.[4]

The ALJ explained why he didn't credit Marshall's statements about the severity of her anxiety: Marshall's "doctor noted that her depression and anxiety with panic attacks was stable with her medications, which is consistent with her normal mental exams, the minimal treatment she has undergone, and with increased symptoms occurring when she is under stress, not undergoing therapy, or not taking all of her medications." R. 21. These are generally valid reasons for declining to credit subjective symptoms or a medical opinion. *See Baptist v. Kijakazi,* 74 F.4th 437, 445 (7th Cir. 2023); *Deborah M. v. Saul,* 994 F.3d 785, 790 (7th Cir. 2021) *Gibbons v. Saul,* 801 F. App'x 411, 415–16 (7th Cir. 2020). And the court may apply the ALJ's explanation to the discussion of Cowan because courts must "read the ALJ's decision as a whole," *Rice v. Barnhart,* 384 F.3d 363, 370 n. 5 (7th Cir. 2004), and may "not discount [the ALJ's reasoning] simply because it appears elsewhere in the decision." *Curvin v. Colvin,* 778 F.3d 645, 650 (7th Cir. 2015).

Marshall acknowledges the ALJ's explanation in her opening brief, and she doesn't challenge the ALJ's reasoning. Instead, she objects that the ALJ didn't specifically explain how the reasoning applied to Cowan's opinion. But he didn't have to. As the court just explained,

---

[4] Cowan also cited Marshall's statements about her difficulty getting along with coworkers, R. 475–76, but that issue is not related to persistence or pace.

6

Cowan relied on Marshall's subjective symptoms to support his statement about her limitations in maintaining persistence and pace, so the ALJ's reasons for not crediting Marshall's statements apply equally to Cowan.[5] "An ALJ need not rehash every detail each time he states conclusions on various subjects." *Gedatus v. Saul*, 994 F.3d 893, 903 (7th Cir. 2021).

Marshall has not shown that the ALJ failed to adequately explain his reasons for not giving more weight to Cowan's opinion.

## C. Kocina's opinion

Marshall contends that the ALJ erred by failing to explain why he did not adopt Kocina's opinion that Marshall "[m]ay have occasional interruptions to a normal work day and week due to mental health conditions." R. 78. Marshall points out that the ALJ gave only one reason for finding Warren's opinion more persuasive than Kocina's, which was that Warren's opinion "does not contain superfluous language." Marshall says that Kocina's statement about interruptions during work did not contain "superfluous language," so the ALJ should have incorporated the statement into the RFC.

The problem with this argument is that Marshall doesn't explain how Kocina's statement is inconsistent with the ALJ's RFC assessment or what additional limitations the ALJ should have included. "A claimant is not entitled to a remand if she does not 'identify medical evidence that would justify further restrictions.'" *See Callaway v. Saul*, No. 19-cv-818-jdp, 2020 WL 2214385, at *4 (W.D. Wis. May 7, 2020) (quoting *Loveless v. Colvin*, 810 F.3d 502, 508 (7th Cir. 2016)).

---

[5] In her reply brief, Marshall contends for the first time that the ALJ did not have good reasons for finding that Marshall's mental health symptoms were less severe than she alleged. Dkt. 18, at 10. But Marshall forfeited that argument by failing to raise it in her opening brief. *Brown v. Colvin*, 661 F. App'x 894, 895 (7th Cir. 2016).

As the commissioner points out, Kocina's statement is both equivocal and vague: he uses the word "may," and he does not attempt to quantify how often or how long lasting any interruptions would be. So it would have been impossible for the ALJ to incorporate the statement into the RFC even if he had been inclined to do so. Moreover, Kocina's ultimate conclusion was that Marshall could perform work involving "simple, routine, or redundant tasks," R. 81, which suggests that Kocina believed that any interruptions would not be so frequent or long lasting that they would preclude her from working, so long as the work was simple, routine, and redundant. That view is consistent with Kocina's statement that Marshall could have "increasing difficulty with progressively more complex tasks." R. 78.

The ALJ's RFC assessment restricts Marshall to "simple, routine work," R. 17, so it is consistent with Kocina's opinion, and any error in failing to discuss the statement about possible work interruptions was harmless.

## D. Consistency between Cowan and Kocina's opinions

Marshall contends that the ALJ erred by failing to take into account that Cowan and Kocina's opinions were consistent with each other. But the two opinions are not the same. For example, Kocina's report includes no conclusions that Marshall may be markedly limited in any category of social functioning.

In any event, the court has previously held that "[t]here is no requirement that the ALJ expressly discuss whether each opinion is consistent with the other opinions in the record." *Martin v. Kijakazi*, No. 22-cv-157-jdp, 2023 WL 2706281, at *3 (W.D. Wis. Mar. 30, 2023). The regulations state that the ALJ must address whether medical opinions are consistent with the record and that medical opinions are more persuasive when they are consistent with other evidence. 20 C.F.R. § 404.1520c(c)(2). But an ALJ is not required to compare an opinion with

every piece of evidence in the record. Rather, an ALJ need only "minimally articulate" her rationale in explaining whether an opinion is consistent with the record. *See Grotts v. Kijakazi*, 27 F.4th 1273, 1276 (7th Cir. 2022). As discussed in the previous section, the ALJ satisfied this requirement by evaluating the evidence in the record related to Marshall's mental limitations and explaining why he believed that evidence did not support a finding of disability.

ORDER

IT IS ORDERED that the decision of the commissioner is AFFIRMED. The clerk of court is directed to close the case and enter judgment in the commissioner's favor, dismissing the case with prejudice.

Entered March 28, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge